IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUAN CARLOS ACOSTA-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING § 2255 MOTION**<br><br>Civil No. 2:16-cv-00897-DN<br>(Crim. No. 2:15-cr-00508-DN)<br><br>District Judge David Nuffer |

Petitioner Juan Carlos Acosta-Perez seeks to vacate and correct his sentence under 28 U.S.C. § 2255.[1] He argues that the statute under which he was convicted, 8 U.S.C. § 1326, and the United States Sentencing Guideline ("USSG") that applied to enhance his sentence, USSG § 2L1.2(b)(1)(A)(i), are unconstitutionally vague.[2] And maintains that the use of the statute and guideline at his sentencing violated his right to due process and require his resentencing.[3] Because it plainly appears that Mr. Acosta-Perez is entitled to no relief, his § 2255 Motion[4] is DENIED and DISMISSED with prejudice.

## BACKGROUND

On September 8, 2015, the government filed an information charging Mr. Acosta-Perez with one count of Reentry of a Previously Removed Alien, a violation of 8 U.S.C. 1326.[5] The

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), docket no. 1, filed Aug. 24, 2016.

[2] Memorandum in Support of Motion to Vacate Set Aside or Correct Sentence Under 28 U.S.C. § 2255 ("Supporting Memo"), docket no. 2, filed Aug. 24, 2016.

[3] *Id*.

[4] Docket no. 1, filed Aug. 24, 2016.

[5] Information, ECF no. 1 in case no. 2:15-cr-00508-DN ("Criminal Case"), filed Sept. 8, 2015.

government also filed a notice of sentencing enhancement based on Mr. Acosta-Perez's prior conviction for Possession of Methamphetamine with Intent to Distribute, a violation of 21 U.S.C. § 841(a)(1).[6]

Pursuant to a plea agreement with the government, Mr. Acosta-Perez pleaded guilty to the charge of Reentry of a Previously Removed Alien on November 17, 2015.[7] The plea agreement contained the following waiver of collateral attack rights:

> I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including by not limited to a motion brought under Title 28, United States Code, Section 2255, except on the basis of ineffective assistance of counsel.[8]

Mr. Acosta-Perez was sentenced that same day to a prison term of 37 months and a 24-month term of supervised release.[9]

On August 24, 2016, Mr. Acosta-Perez filed a § 2255 Motion[10] arguing that the use of an unconstitutionally vague statute and sentencing guideline at his sentencing violated his right to due process and require his resentencing.[11] Mr. Acosta-Perez's argument relied on two United States Supreme Court decisions:

- *Johnson v. United States*,[12] which held that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" is unconstitutionally vague; and

---

[6] Notice of Sentencing Enhancement, ECF no. 2 in Criminal Case, filed Sept. 8, 2015.

[7] Statement by Defendant in Advance of Plea of Guilty ("Plea Agreement"), ECF no. 16 in Criminal Case, filed Nov. 17, 2015; Minute Entry for Proceedings Held Before Magistrate Judge Dustin B. Pead, ECF no. 13 in Criminal Case, entered Nov. 17, 2017.

[8] Plea Agreement ¶ 12(a)(2)(b), ECF no. 16 in Criminal Case, filed Nov. 17, 2015.

[9] Minute Entry for Proceedings Held Before Judge David Nuffer, ECF no. 14 in Criminal Case, entered Nov. 17, 2017; Judgment in a Criminal Case at 2-3, ECF no. 18 in Criminal Case, entered Nov. 23, 2017.

[10] Docket no. 1, filed Aug. 24, 2016.

[11] Supporting Memo at 1-4, docket no. 2, filed Aug. 24, 2016.

[12] 135 S.Ct. 2551 (2015).

2

- *Welch v. United States*,[13] which held that *Johnson* announced a new substantive rule that has retroactive effect on collateral review.

Through his § 2255 Motion, Mr. Acosta-Perez also sought to preserve claims[14] under:

- *Hurst v. Florida*,[15] which held that a sentencing scheme that requires a judge, as opposed to a jury, to find the existence of an aggravating circumstance is an unconstitutional violation the Sixth Amendment's right to an impartial jury; and

- *Molina-Martinez v. United States*,[16] which held that a defendant may rely on that fact that sentence was imposed under an incorrect guideline range to show a reasonable probability that a different sentence would be imposed under the correct guideline range.

Subsequent to the filing of Mr. Acosta-Perez's § 2255 Motion, the Tenth Circuit Court of Appeals issued its decision in *United States v. Frazier-Lefear*[17] and the United States Supreme Court issued its decision in *Beckles v. United States*.[18] Mr. Acosta-Perez was given notice of the *Frazier-Lefear* and *Beckles* decisions and encouraged to review and determine their applicability to his § 2255 Motion.[19] He was also directed to file a status report by July 7, 2017, indicating whether he requests the case be voluntarily dismissed pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, or for it to proceed to a merits review.[20]

To date, Mr. Acosta-Perez has not filed the ordered status report. Therefore, a merits review of Mr. Acosta-Perez's § 2255 Motion will proceed.

---

[13] 136 S.Ct. 1257 (2016).

[14] Supporting Memo at 5, docket no. 2, filed Aug. 24, 2016

[15] 136 S.Ct. 616 (2016).

[16] 136 S.Ct. 1338 (2016).

[17] 665 Fed. App'x 727 (10th Cir. 2016).

[18] 137 S.Ct. 886 (2017).

[19] Order for Status Report and Taking Under Advisement § 2255 Motion, and Notice, docket no. 7, filed June 6, 2017.

[20] *Id*. at 3.

**DISCUSSION**

For all motions brought under 28 U.S.C. § 2255, "[u]nless the motion and files and records of the case conclusively show that the [movant] is entitled to no relief," notice of the motion must be provided to the government and a hearing must be held.[21] However, "[i]f it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [examining] judge must dismiss the motion and direct the clerk to notify the moving party."[22]

Mr. Acosta-Perez seeks relief from his sentence under 28 U.S.C. § 2255 based on the United States Supreme Court's decisions in *Johnson* and *Welch* arguing that the use of an unconstitutionally vague statute and sentencing guideline at his sentencing violated his right to due process and requires his resentencing.[23] However, the record of Mr. Acosta-Perez's criminal case plainly shows that he pleaded guilty pursuant to a plea agreement that contained a waiver of his collateral attack rights under 28 U.S.C. § 2255.[24]

In *Frazier-Lefear*, the Tenth Circuit addressed whether a *Johnson*-based claim raised in a § 2255 motion is viable where the defendant pleaded guilty pursuant to a plea agreement that contains a waiver of collateral attack rights.[25] The court concluded that such a claim is not viable due to the enforceability of the waiver:

> Our precedent directs that appeal/collateral review waivers are enforceable (1) with respect to claims of error that do not render the waiver itself unlawful, even

---

[21] 28 U.S.C. § 2255(b).

[22] Rules Governing Section 2255 Proceedings Rule 4(b).

[23] § 2255 Motion, docket no. 1, filed Aug. 24, 2016; Supporting Memo at 1-4, docket no. 2, filed Aug. 24, 2016.

[24] Plea Agreement ¶ 12(a)(2)(b), ECF no. 16 in Criminal Case, filed Nov. 17, 2015.

[25] 665 Fed. App'x 727.

if the alleged error (2) arises out of a subsequent change in law and (3) is of a constitutional dimension.[26]

Based on this Tenth Circuit precedent, the waiver of Mr. Acosta-Perez's collateral attack rights under 28 U.S.C. § 2255 within his plea agreement[27] is enforceable. Mr. Acosta-Perez fails to assert or argue the existence of error that would render the waiver itself unenforceable or unlawful. And none of the other "miscarriage of justice" exceptions[28] are applicable. Therefore, Mr. Acosta-Perez is entitled to no relief on his § 2255 Motion.[29]

## ORDER

IT IS HEREBY ORDERED that Mr. Acosta-Perez's § 2255 Motion[30] is DENIED and DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that, pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, an evidentiary hearing is not required.

IT IS FURTHER HEREBY ORDERED that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, Mr. Acosta-Perez is DENIED a certificate of appealability.

The Clerk is directed to close the case.

Signed July 19, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[26] *Id*. at. 733.

[27] Plea Agreement ¶ 12(a)(2)(b), ECF no. 16 in Criminal Case, filed Nov. 17, 2015.

[28] *Frazier-Lefear*, 665 Fed. App'x at 729 (citing *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004)).

[29] Docket no. 1, filed Aug. 24, 2016.

[30] *Id*.